UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HAMID REZA ARDANEH, ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Civil No. 23-10614-LTS | |
| ) | | |
| COMMONWEALTH OF ) | | |
| MASSACHUSETTS, et al., ) | | |
| Defendant. ) | | |

MEMORANDUM AND ORDER

June 21, 2023

SOROKIN, J

For the reasons stated below, the Court dismisses this action without prejudice.

**I.     Background**

Hamid Reza Ardaneh ("plaintiff" or "Ardaneh"), a pretrial detainee in custody at the Middlesex Jail and House of Correction in North Billerica, filed a *pro se* complaint and application to proceed without prepayment of fees with the United States District Court for the Southern District of New York. By Order, dated March 8, 2023, the case was ordered transferred to this district. ECF No. 4, Transfer Order, No 23-cv-0034 (S.D.N.Y. Mar. 8, 2023).

Ardaneh filed his complaint using the 5-page, preprinted Pro Se 1 form (complaint for a civil case) provided by the Administrative Office of the United States Courts. ECF No. 2. Attached to the complaint are a copy of his inmate account statement as well as copies of documents concerning criminal proceedings in Middlesex Superior Court. *Id.* The complaint names as defendants the Commonwealth of Massachusetts, a Massachusetts state court judge, a

Massachusetts assistant district attorney and a Massachusetts attorney. *Id.* at ¶ I (the parties to this complaint). For the statement of claim, Ardaneh states the following:

> By only a retaliated false accusation absolutely illegal on 2016 arrested and jailed me and after seven years still without trial and without investigation I am in jail because intimidating and bribing my attorneys to not do anything for me to hiding violations made on purpose by the Commonwealth, to no enter my exculpatory statement and evidence, not do investigation to hiding actual crimes for protecting guilty the alleged victim of bridged me and intimidated me.

*Id.* at ¶ III (statement of claim).

For relief, Ardaneh requests, among other things, an attorney who will defend his rights, a judgment based on evidence instead of false allegations, and a federal investigation and federal protection of his life and liberty. *Id.* at ¶ IV (relief).

**II.     Discussion**

The crux of Ardaneh's lawsuit is to have this Court overrule a state court's orders in a pending criminal trial, appoint new counsel and initiate an investigation. However, this Court does not have the power to appoint counsel in a state court proceeding. Nor does the Court have the power to initiate an investigation. *See generally In re United States*, 441 F.3d 44, 58 (1st Cir 2006) (noting that "the federal courts in the American criminal justice system generally do not have the power to act as investigators or prosecutors of misconduct," and that "such powers are usually exercised by the grand jury and the executive branch."). Here, the Court will abstain from exercising jurisdiction over this action to avoid interfering with a pending state criminal prosecution.[1]

---

[1] The Court notes that at least 3 other cases that Ardaneh filed in this Court were dismissed on the ground of *Younger* abstention. *See Ardaneh v. Commonwealth*, No. 23-10148-RGS (dismissed without prejudice Feb. 10, 2020), *appeal filed*, No. 23-1218 (1st Cir. Mar. 3, 2023); *Ardaneh v. United States Gov't*, No. 20-10937-WGY (dismissed Sept. 1, 2020), *aff'd*, No. 20-1887 (1st Cir Jan. 26, 2021), *cert denied*, No. 20-7696 (June 7, 2021) ; and *Ardaneh v. Calis*, No. 17-12171-LTS (dismissed Dec. 29, 2017).

Under *Younger v. Harris*, 401 U.S. 37, 41 (1971), "a federal court must abstain from reaching the merits of a case over which it [otherwise[ has jurisdiction so long as there is (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding ... that (2) implicates an important state interest, and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit." *Brooks v. New Hampshire Supreme Court*, 80 F.3d 633, 638 (1st Cir. 1996) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). "In fact, federal courts must 'abstain from interfering with state court proceedings even where defendants claim violations of important federal rights.'" *Watson v. Ordonez*, No. 17-cv-11871-NMG, 2018 WL 3118420, at *2 (D. Mass. June 22, 2018) (quoting *In re Justices of Superior Court Dep't of Mass. Trial Court*, 218 F.3d 11, 17 (1st Cir. 2000) (collecting cases)). "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, *see* U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." *Casa Marie, Inc. v. Super. Ct.*, 988 F.2d 252, 262 (1st Cir.1993) (footnote omitted).

Here, all three elements for *Younger* abstention are fulfilled. First, there is an on-going criminal proceeding instituted prior to this action. Second, the Commonwealth's resolution of alleged violations of state criminal law implicates an important state interest. Third, Ardaneh can raise his objections to the Superior Court's orders and actions in that court, or in the appellate courts of the Commonwealth. Accordingly, because adjudication of Ardaneh's claims would interfere in the state criminal prosecution against him, this Court abstains from exercising its jurisdiction over such claims and the action will be dismissed in its entirety without prejudice.

### III.     Conclusion

For the foregoing reasons, this action is dismissed without prejudice.  No filing fee is assessed.

        SO ORDERED.

        /s/ Leo T. Sorokin
        Leo T. Sorokin
        United States District Judge